UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N/A/, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2004 ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST 2004-HE2 ASSET BACKED PASS-THROUGH CERITIFCATES, SERIES 2004-HE2, | § § § § § § § § | |
| | § | Civil Action No. 3:20-CV-00745-X |
| *Plaintiff,* | § § | |
| v. | § § | |
| GEORGE E. DIXON, | § § | |
| *Defendant.* | § § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Wells Fargo, filed this action on March 30, 2020, seeking a judgment from this Court allowing foreclosure against the Defendant, George E. Dixon, concerning property at 153 Meadowcreek Road, Coppell, Texas, 75019. Dixon was served on April 22, 2020. On May 15, 2020, Wells Fargo requested that the Clerk enter default against Dixon, which occurred on May 18, 2020. Wells Fargo moved for default judgment against Dixon on May 15, 2020. [Doc. No. 8]. After careful consideration, and as explained below, the Court **DENIES WITHOUT PREJUDICE** the motion for default judgment.

I. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[1]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[4]

---

[1] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[2] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[3] *Id.*

[4] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

II. Analysis

The Court is unable to grant the motion for default judgment because the grounds for default are not clearly established.  The motion contains too many defects. For example, Wells Fargo states in its motion that "Dixon is on active duty military status."[5]  This would lead the Court to believe that a default judgment could *not* be entered, given the protections in the Servicemembers Civil Relief Act.  But Wells Fargo then directly contradicts itself by citing an exhibit which would purport to show that Dixon is indeed *not* on active duty military status.  [Exhibit A-1].  Further, in its complaint Wells Fargo states that it is suing "Becky Meyer and George E. Dixon (the 'Meyers')" but then does not serve Meyer or mention her again in either the complaint or the motion for default judgment.[6]  These defects and others prevent the Court from fulfilling its legal duty in assessing whether Wells Fargo is entitled to a default judgment.

The Court therefore **DENIES WITHOUT PREJUDICE** Wells Fargo's motion for default judgment.  Wells Fargo may refile the motion within 14 days of the entry of this order, curing the defects in its pleadings.

**IT IS SO ORDERED** this 12th day of January 2021.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[5] Doc. No. 8 at 4.
[6] Doc. No. 1 at 1.

3