UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF APRIL 1, 2004 ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST 2004-HE2 ASSET BACKED PASS-THROUGH CERITIFCATES, SERIES 2004-HE2, | § § § § § § § § | |
| | § | Civil Action No. 3:20-CV-00745-X |
| *Plaintiff*, | § § | |
| v. | § § | |
| GEORGE E. DIXON, | § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Wells Fargo, filed this action on March 30, 2020, seeking a judgment from this Court allowing foreclosure against the Defendant, George E. Dixon, concerning property at 153 Meadowcreek Road, Coppell, Texas, 75019. Dixon was served on April 22, 2020. On May 15, 2020, Wells Fargo requested that the Clerk enter default against Dixon, which occurred on May 18, 2020. Wells Fargo filed an amended motion for default judgment on January 13, 2021. [Doc. No. 11]. After careful consideration, and as explained below, the Court **GRANTS** the amended motion for default judgment.

### I. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

A default requires the Court to accept as true a plaintiff's well-pled allegations in a complaint.[1]

In determining whether to enter a default judgment, the Court conducts a two-part analysis. First, the Court examines whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the

---

[1] *See, e.g., Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[2] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[3] *Id.*

pleadings.[4]

## II. Factual Background

In December 2003, Dixon executed a $432,000 note, creating a purchase-money lien on his residence, 153 Meadowcreek Road, Coppell, Texas 75019. The note's terms required Dixon to pay principal and interest when due. Those terms also provided that should Dixon fail to make payments—or fail to comply with any covenants and conditions of the note—that Wells Fargo may foreclose on the property.

Dixon failed to make payments on the note when due. As a result, Wells Fargo provided notice of default and its intent to accelerate to Dixon. Dixon did not cure the default, and the unpaid principal and interest are now due.

Wells Fargo filed suit on March 30, 2020. Dixon was served on April 22, 2020. His answer or response was due twenty-one days later, on May 13, 2020. But to date, Dixon has neither answered nor responded to Wells Fargo's complaint. Wells Fargo moved for default judgment on May 15, 2020, which this Court denied without prejudice due to pleading defects. On January 13, 2021, Wells Fargo filed its amended motion for default judgment.

## III. Analysis

Typically, the Court should not award damages without first holding a hearing.[5] But where, as here, the Court can determine the amount of damages with certainty, a hearing is not necessary.[6] Because Wells Fargo seeks a judgment

---

[4] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[5] *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

[6] *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

allowing foreclosure on Dixon's property, not monetary damages against Dixon, no hearing is necessary.

Regarding the *Lindsey* factors, the Court finds that: (1) there exist no disputes of material fact because Dixon did not file a responsive pleading; (2) there has not been substantial prejudice; (3) Dixon's failure to respond or participate in this litigation establishes the grounds for default; (4) there is no reason to believe Dixon's failure to respond was caused by a good-faith mistake of excusable neglect, as he was served nearly one year ago; (5) the default judgment would not be unduly harsh, because it would merely allow the remedy prescribed by the note; and (6) the pleadings, Dixon's failure to respond, and the consequential failure to plead a meritorious defense indicate that this Court would not be obliged to grant a motion from Dixon to set aside the default judgment.  The Court therefore concludes that a default judgment is appropriate under the circumstances.

Next, the Court must consider the sufficiency of the allegations in Wells Fargo's complaint.  Under Texas law, to foreclose under a security instrument with a power of sale, the plaintiff must show that: "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration."[7]

Here, Dixon executed a $432,000 note secured by real property located at 153

---

[7] *Frank v. OneWest Bank, FSB*, 2014 WL 12564092, at *9 (E.D. Tex. Aug. 15, 2014) (cleaned up).

Meadowcreek Road.  This is sufficient to show that a debt exists.  Dixon signed the lien, a Texas Home Equity Security Instrument, and filed it in the Official Public Records of Dallas County, Texas, creating a purchase-money lien on 153 Meadowcreek Road.  The debt is therefore secured by a lien created under Texas Law.  Dixon failed to make payments as required and failed to comply with the covenants and conditions of the note.  Accordingly, he is in default.  Wells Fargo provided Dixon with the notice of default and intent to accelerate.  Therefore, Wells Fargo provided Dixon with notice as required by Texas law.

Because the complaint sufficiently alleges the elements required to foreclose under a security instrument with a power of sale and the *Lindsey* factors favor granting the motion for default judgment, the Court **GRANTS** the amended motion for default judgment.

## IV. Attorney's Fees

Wells Fargo also seeks attorney's fees pursuant to Texas Civil Practice and Remedies Code § 38.001 and the terms of the note.  Section 38.001 provides that "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract."[8]  Because the note Dixon entered is a written contract, the Court finds that Wells Fargo is entitled to reasonable attorney's fees. The Court **ORDERS** Wells Fargo to file a motion for attorney's fees within 14 days that includes evidence supporting the amount of reasonable fees.

---

[8] Tex. Civ. Prac. & Rem. Code § 38.001(8).

V. Conclusion

For the foregoing reasons, the Court **GRANTS** Wells Fargo's motion for default judgment.


**IT IS SO ORDERED** this 5th day of April 2021.


_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE